JOHN A. YOUNG *vs.* ROBERT TODD.

FEBRUARY 6, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

PER CURIAM. This is a motion to dismiss the plaintiff's bill of exceptions on the ground that it is premature. On October 3, 1957, at the trial in the superior court, the defendant was called and defaulted for nonappearance. Thereupon the case was continued for proof of claim to October 11, 1957 and was thereafter further continued to November 1, 1957. In the interim on October 29, 1957 the defendant filed a motion to remove such default, which was granted on condition that the defendant pay $29.80 for certain witness fees which the plaintiff incurred in preparation for trial on October 3, 1957. The defendant tendered him such sum which he refused on the ground that he had filed a bill of exceptions to the superior court's decision removing the default.

Such decision was rendered before any judgment in the case was entered. In the absence of entry of judgment the law is clear that in a case of this kind a bill of exceptions is premature. *Mediros* v. *Arter*, 46 R. I. 87. That case appears to be on all fours with the instant case. There the defendant was defaulted but no judgment was entered be-

fore the court removed the default. This court, on the defendant's motion, dismissed the plaintiff's bill of exceptions to review the superior court's action in removing the default on the precise ground alleged by defendant here, namely, that the bill of exceptions was premature.

The defendant's motion to dismiss is granted, and the case is remitted to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum,* for plaintiff.

*William S. Flynn, Christopher J. Brennan,* for defendant.